Dear Representative Holt:
This is in answer to your request for an opinion concerning the following question:
 "Does Section 105.480 RSMo permit the Commissioner of Administration to deny William Moon, or any corporation of which he is an employee, officer, stockholder or director from receiving contract awards from the Office of Administration for work which:
1) Are the subject of bids
 2) Were in progress in whole or part before he left state service June 30, 1977.
 Moon was acting director, Division of Design and Construction, Office of Administration."
You describe the facts as follows:
 "1. Bids were solicited in accordance with Chapter 8 RSMo 1969 and annotation.
 Bids were opened 10-18-77 by the Director of Design and Construction and publicly read aloud.
 Cole Construction Co. was apparent low bid received.
 "2. Bid by Cole Construction of which Moon is General Manager and soon to be stockholder.
 "3. The Design and Construction division thereupon issued its letter notifying Cole Construction Co., Inc. that it had been awarded the contract, and that contract documents and related forms would be mailed in the near future, a standard provision where the work is of a necessity. Thereafter, December 8, 1977, such approval of the award was withdrawn, only after Cole Construction Co. had ordered supplies, materials, etc. at considerable expense. It appears that the reason for the denial of the low bid was as set out in the attached letter dated December 27, 1977. Under the circumstances, it appears to the undersigned that such is a discrimination not justified by law."
We further understand that Mr. Moon's relationship to this project while a state employee was indirect inasmuch as he worked with some budget documents concerning the same. Our information is that he did not work for the state of Missouri at the time of the invitation for bid and receipt of bids in connection with the project. The project involved renovation of two hearing rooms which are used by the state legislature.
Section 105.480, RSMo 1969, states:
 "1. No person who has served as an officer or employee of an agency shall within a period of two years after the termination of the service or employment appear before the agency or receive compensation for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which the person was directly
concerned and in which he personally participated during the period of his service or employment.
 "2. Nothing herein contained shall be construed to prohibit any firm or association, in which any officer or employee of an agency is a member, from appearing, rendering services in relation to any matter before, or transacting business with the agency, where the officer or employee of the agency does not share in the profits resulting therefrom. Any person failing to comply with the provisions of this section shall, upon conviction, be adjudged guilty of a misdemeanor and be subject to a fine of not more than five hundred dollars or confinement in the county jail for not more than one year, or both." (Emphasis added)
An initial question is whether under Section 105.480, RSMo 1969, the bid herein should be denied. Our view under the present circumstances as more fully described is that there was no violation of this section.
With regard to Section 105.480.1, RSMo 1969, the invitation for bid and bid came subsequent to Mr. Moon's employment. That subsection specifically states that a case, proceeding, or application must have been before the agency at the time of Mr. Moon's employment with respect to which he was directly concerned and in which he personally participated during the period of his service or employment. Obviously, Mr. Moon is not appearing as manager of Cole Construction Company before an agency or receiving compensation for any services rendered on behalf of any person, firm, corporation, or association in relation to any such case, proceeding, or application with respect to which he was directed concerned and in which he personally participated as an employee of the Division of Design and Construction. It should be noted that Mr. Moon had no involvement as we understand it with the bidding process.
It is the opinion of this office, under the facts described, that it was not a conflict of interest for the Cole Construction Company and its manager, William Moon, to have bid on the projects in question under Section 105.480, RSMo 1969.
However, we note that the decision not to grant the bid to Mr. Moon was not based on Section 105.480, RSMo 1969. Rather, by letter dated December 27, Mr. Moon was advised by Walter H. Johnson, Director of the Division of Design and Construction, as follows:
 ". . . The State of Missouri chose not to award the contract for construction of Rooms B-31 and B-32 of the State Capitol Building to your firm because such an award would be considered improper by many of the citizens. The State's rejection of your apparent low bid is indirectly tied to Section 105.480, RSMo 1969, which states:
* * *
 "While the above quotation does not specifically forbid your firm from executing State construction contracts, the present Administration has taken the position that even a hint of conflict of interest on your part, would be damaging to State government. You are fully aware of the sensitive nature of the position of Director of Design and Construction and must understand how even the intimation of impropriety or wrongdoing on the part of a former Director probably would have a long term adverse impact on the incumbent of that position. More importantly, however, any suggested impropriety on your part might cause many citizens to lose respect and trust in their government.
* * *
 "Please consider the decision on this single project as a precedent. The State has concluded that your firm should be excluded from construction projects until Fiscal Year 1980. At that time it is felt that any knowledge you may have had of State projects could not be used to your advantage."
This denial of the contract award invokes the power of the governor to prevent an appearance of impropriety above and beyond the minimum conflict of interest restrictions presented by Section 105.480, RSMo 1969. The governor is not clearly prohibited from taking this action. It is the responsibility of this office to represent the Office of Administration and the governor of this state; and since the action which you are questioning has been taken in this matter, it is appropriate for us to decline to comment on the propriety of this action.
Therefore, we respectfully decline to rule on this matter.
Yours very truly,
 JOHN ASHCROFT Attorney General